**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**JANUARY 1997 SESSION**

FILED

October 7, 1997

Cecil Crowson, Jr.

Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE**, | ) |
| Appellee, | ) No. 02C01-9602-CR-00048 |
| | ) |
| vs. | ) Shelby County |
| | ) |
| | ) Honorable Chris B. Craft, Judge |
| **HOLLIS G. WILLIAMS**, | ) |
| | ) (Murder First Degree) |
| Appellant. | ) |

## SEPARATE CONCURRING OPINION

I concur in the results reached by the majority but I do not agree that the introduction of victim impact evidence in capital sentencing cases constitutes error. In reaching its decision the majority relies upon State v. Nesbit, No. 02-C-01-9510-CR-00293 (Tenn. Crim. App., Jackson, April 22, 1997). In Nesbit, a panel of our Court held that under Tenn. Code Ann. § 39-13-204(c) victim impact testimony is not relevant to and is, therefore, inadmissible in capital sentencing cases. The rationale was that victim impact statements might lead to disparate treatment of capital offenders based upon such extraneous factors as the ability of the victim's family to articulate its feelings and the jury's opinion of the victim's moral character. However, I believe this consideration is equally tenable to capital defendants. An articulate, persuasive, murderer might receive a lesser sentence than a similarly situated but less articulate murderer simply because of his or her ability or his or her family's ability to communicate to jurors. Therefore, I believe allowing victim impact evidence is the only fundamentally fair method of ensuring a level playing field for both capital defendants and prosecutors.

Tenn. Code Ann. §§ 39-13-204(I)(1)-(12) (1991) limits the state to

introduction of twelve enumerated aggravating factors in capital cases. However, a capital defendant is allowed to introduce any evidence of mitigation. Tenn. Code Ann. § 39-13-204(j) (1991). The statute specifically allows a defendant to introduce evidence that the victim was a participant in the defendant's conduct or any moral justification for the defendant's act. Tenn. Code Ann. §§ 39-13-204(j)(3)-(4) (1991). In light of this, I can envision situations in which it is proper for a defendant to present evidence of the victim's complicity or lack of moral fiber to mitigate his or her responsibility and punishment. If victim impact testimony is disallowed to rebut such evidence, the playing field becomes uneven and an unfair situation results for the prosecution.

The sentencing statute clearly states that "evidence may be presented as to any matter that the court deems relevant to the punishment and may include...any evidence tending to establish or rebut any mitigating factors." Tenn. Code § 39-13-204(c) (1991). Based upon this statute, I believe that in certain circumstances victim impact evidence is relevant and should be admissible to rebut mitigation evidence proffered by the defendant in capital cases. I, therefore, concur only in the result reached by the majority.

_____
Paul G. Summers, Judge